IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEPHANIE LEANN STEINER,

        Plaintiff,

vs.	Case No. 15-1247-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

        Defendant.


MEMORANDUM AND ORDER

On September 28, 2016, this court issued an order reversing the decision of the Commissioner and remanding this case for further hearing (Doc. 30).  On December 27, 2016, plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 32).  Defendant filed their response brief on January 10, 2017 (Doc. 35), and plaintiff filed a reply brief on March 13, 2017 (Doc. 41).

I. General legal standards

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  <u>Hackett v. Barnhart</u>, 475 F.3d 1166, 1172 (10th

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991).  Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit."  Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified.  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995).  However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances.  Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

II.  Reasonableness of EAJA request

Plaintiff is requesting attorney fees for 61.85 hours at a rate of $192.28 an hour, for a total of $11,892.51 (this includes an additional 4 hours for work on the EAJA reply brief).  Defendant argues that this is unreasonable, and that a reasonable fee would be $6,000.00, which, at $192.28 an hour, would be equivalent to 31.2 hours.  As noted above, the party

seeking fees has the burden to show that the hourly rate and the number of hours is reasonable.

As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Thus, courts in this district have not hesitated to disallow hours over 40 as unreasonable in routine EAJA social security cases. Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007); see Lavoie v. Colvin, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016)(As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in "straightforward" disability cases is between thirty and forty hours). However, this court has permitted an award of 76.75 hours upon finding that the amount of time documented was reasonably necessary to accomplish the tasks listed. Masenthin v. Barnhart, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005). Courts in this district have recently approved 67.86 hours of attorney time, noting a record of more than 1,000 pages, Sommerville v. Astrue, 555 F. Supp.2d 1251, 1254 (D. Kan. 2008), and have found that 53.75 hours was reasonably expended (a reduction from a request of 65.75 hours), Farmer v. Astrue, 2010 WL 4904801 at *1-3 (D. Kan. 2010). In the case of Linder v. Astrue, Case No. 09-1210-SAC (D. Kan. June 21, 2011, Doc. 36) this court found that 54.10 hours was reasonably expended (a reduction from a request of 68.55 hours).

In the case of Bonzo v. Astrue, Case No. 11-2275-SAC (D. Kan. May 23, 2012, Doc. 23), this court found that 44 hours was reasonably expended (a reduction from a request of 56.90 hours). Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

In this court's most recent EAJA case, Tate v. Colvin, Case No. 15-4870-SAC (D. Kan. Dec. 20, 2016; Doc. 29), plaintiff requested attorney's fees of 58 hours; defendant indicated that they believed 35 hours was reasonable. The court held that attorney fees of 50 hours was reasonable on the facts of that case.

The court has carefully reviewed the briefs and issues raised by the parties in this case. Plaintiff's counsel spent 36.1 hours meeting with his client, preparing the complaint and preparing a 28 page initial brief in which plaintiff successfully argued that the ALJ erred in its evaluation of three medical opinions. Plaintiff raised other issues which did not provide a basis for remand of the case, although the court ordered that evidence regarding two of plaintiff's impairments (plaintiff's headaches and bladder incontinence) be reviewed by the ALJ on remand. Plaintiff's counsel spent 20.2 hours writing a 22 page reply brief. In light of the issues raised in this case, the court finds that 34 hours was reasonably expended

through the writing of the initial brief, and that 14 hours was reasonably expended in the writing of the reply brief.  The court finds that the other hours billed by plaintiff were reasonable (1.55 hours).  The court will add an additional 4 hours for plaintiff's counsel to respond to defendant's objection to the EAJA motion.

In summary, the court finds that 53.55 hours was reasonably expended in presenting this case to the court.  Therefore, a reasonable attorney fee pursuant to the EAJA is $10,296.59 (53.55 hours x $192.28 an hour).

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 32) is granted in part, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $10,296.59.

Dated this 17th day of March 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge